THE STATE OF NEVADA, Appellant, *v.*
IKE ADAMS, Respondent.

No. 10302

July 26, 1978                                        581 P.2d 868

*George E. Holt,* District Attorney, and *Thomas D. Beatty,* Assistant District Attorney, Clark County, for Appellant.

*Swanson & Momot,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Ike Adams entered a voluntary plea of guilty to burglary in a Food King Store. He had there unlawfully taken about $50 worth of canned hams. Before accepting his guilty plea the

court asked whether he had formed the intent to steal something before he entered the store to which inquiry Adams answered "yes." Statute declares that one is guilty of burglary if he enters a store with intent to commit grand or petit larceny. NRS 205.060.[1]

Subsequently, the court allowed Adams to withdraw his guilty plea. The court reasoned that Adams, as a member of the public, was invited to the Food King Store, and that his crime was petit larceny rather than burglary.

1. A guilty plea may be withdrawn to correct manifest injustice. NRS 176.165.[2] A motion to withdraw a plea of guilty is addressed to the discretion of the court, and the court's decision thereon will not be set aside on appeal unless an abuse of discretion is apparent. State v. District Court, 85 Nev. 381, 455 P.2d 923 (1969).

2. A common law breaking is not an essential element of the crime of burglary. McNeeley v. State, 81 Nev. 663, 409 P.2d 135 (1965); State v. Watkins, 11 Nev. 30 (1876). Our statute requires only an entry with the intent to commit larceny or other felony. The authority to enter a building open to the public extends only to those who enter with a purpose consistent with the reason the building is open. People v. Weaver, 243 N.E.2d 245 (Ill. 1969). A criminal intent formulated after a lawful entry will not satisfy the statute. On the other hand, an entry with intent to commit larceny cannot be said to be within the authority granted customers of a business establishment. Indeed, even if a consensual entry is implied, it is not a defense to a charge of burglary against one who is shown to have made a simple entry with larcenous intent. People v. Deptula, 373 P.2d 430 (Cal. 1962); People v. Blair, 288 N.E.2d 443 (Ill. 1972); State v. Baker, 161 N.W.2d 864 (Neb. 1968); State v. Bull, 276 P.528 (Idaho 1929).[3] We, therefore, conclude that the district court abused its discretion when it allowed Adams to withdraw his guilty plea and in dismissing the indictment. Manifest injustice within the intendment of NRS 176.165 does

---

[1]NRS 205.060: "Every person who . . . enters any . . . store . . . with intent to commit grand or petit larceny . . . is guilty of burglary."

[2]NRS 176.165: ". . . but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

[3]Cases under the various types of burglary statutes are collected in the Annot., 93 A.L.R. 2d 531 entitled "Maintainability of burglary charge, where entry into building is made with consent."

not occur from the entry of a guilty plea to a sustainable charge.

Reversed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOU-KIAN, JJ., concur.