JAMES EARL HILL, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 15543

September 4, 1986                                     724 P.2d 734

*Morgan D. Harris,* Public Defender, *David S. Gibson,* Deputy, Clark County, for Appellant.

---

*Brian McKay,* Attorney General, Carson City; *Robert Miller,* District Attorney, *James N. Tufteland,* Deputy, *David Schwartz,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant James Earl Hill of one count of burglary, two counts of attempted robbery, and one count of first degree murder, all with the use of a deadly weapon. At the penalty hearing for Hill's first degree murder conviction, the jury was unable to reach a unanimous verdict upon the sentence to be imposed. Pursuant to NRS 175.556[1], this court appointed two

---

[1]NRS 175.556 provides:

> If a jury is unable to reach a unanimous verdict upon the sentence to be imposed, the supreme court shall appoint two district judges from judicial districts other than the district in which the plea is made, who

district court judges who, together with the district court judge who presided at Hill's trial, conducted a second penalty hearing. The three judge panel found, as aggravating circumstances, that the murder involved torture, NRS 200.033(8), and that the murder was committed while Hill was engaged in the commission of a burglary, attempted robbery, and sexual assault, NRS 200.033(4). The three judge panel found no mitigating circumstances and sentenced Hill to death. On appeal, Hill raises several assignments of error which are directed to the propriety of his sentence of death.. We reject them as meritless.

1. Hill argues that the three judge panel sentencing procedure specified by NRS 175.556 is unconstitutional. We disagree.

The three judge panel sentencing procedure does not deprive a criminal defendant of his Sixth Amendment[2] right to a jury trial. In Cabana v. Bullock, 54 U.S.L.W. 4105, 4108 (U.S. January 22, 1986), the United States Supreme Court stated that neither "the Sixth Amendment [n]or any other constitutional provision provides a defendant with the right to have a jury consider the appropriateness of a capital sentence."

Nor does the three judge panel sentencing procedure violate the double jeopardy clause of the Fifth Amendment.[3] At the penalty phase of a capital trial, the rights guaranteed by the double jeopardy clause are implicated when "the jury has . . . *acquitted* the defendant of whatever was necessary to impose the death sentence." Bullington v. Missouri, 451 U.S. 430, 445 (1981) (quoting State ex rel. Westfall v. Mason, 594 S.W.2d 908 (Mo. 1980) (Bardgett, C. J., dissenting) (emphasis added). *See also* Arizona v. Rumsey, 81 L.Ed.2d 164 (1984). The three judge panel sentencing procedure, in contrast, permits the three judge panel to sentence the defendant to death only "[i]f a jury is *unable to reach a unanimous verdict* upon the sentence to be imposed." NRS 175.556 (emphasis added).

shall with the district judge who conducted the trial, or his successor in office, conduct the required penalty hearing to determine the presence of aggravating and mitigating circumstances, and give sentence accordingly. A sentence of death may be given only by unanimous vote of the three judges, but any other sentence may be given by the vote of a majority.

[2]"In all criminal prosecutions, the accused shall enjoy the right to a . . . trial, by an impartial jury." U.S. Const. amend. VI.

[3]"[N]or shall any person be subject for the same offense to be twice put in jeopardy of life and limb." U.S. Const. amend. V. *See also* Nev. Const. art. 1, sect. 8.

Finally, the three judge panel sentencing procedure does not result in the arbitrary and capricious imposition of the death penalty. Godfrey v. Georgia, 446, U.S. 420 (1980).

2. Hill argues that, because it is impossible to determine from the jury's general verdict whether it found him to have been the actual perpetrator of the murder or merely to have aided and abetted the actual perpetrator, the imposition of the death penalty would violate the Eighth and Fourteenth Amendments. Hill relies upon Enmund v. Florida, 458 U.S. 782 (1982), in which the Unites States Supreme Court held that the Eighth and Fourteenth Amendments are violated by the imposition of the death penalty on a defendant who aided and abetted a felony in the course of which a murder was committed by others but who did not himself kill, attempt to kill, intend to kill, or contemplate that life would be taken. The three judge panel found that Hill was the actual perpetrator of the murder. That finding is sufficient to satisfy Enmund. Cabana, supra. "[T]he Eighth Amendment does not require that a jury make the findings required by Enmund." Id. at 4109.

3. The evidence supports the three judge panel's finding of four aggravating circumstances. NRS 177.055(2)(b). Nothing contained in the record indicates that the sentence of death was imposed under the influence of passion, prejudice, or any arbitrary factor. NRS 177.055(2)(c). Because of the horrifying brutality of the killing in this case,[4] the sentence of death is not excessive or disproportionate to the penalty imposed in similar cases within the state, considering both the crime and the defendant. NRS 177.055(2)(d).[5]

Hill's remaining assignments. of error are meritless. Accordingly, we affirm judgment of conviction and sentence of death.

---

[4]Hill killed an elderly, paralyzed woman by repeatedly thrusting a long, wooden stick into her rectum and vagina, perforating her vulva, perineal septum, sigmoid colon, and kidney.

[5]The United States Supreme Court recently held that state courts are not constitutionally required to conduct proportionality reviews of sentences of death. Pulley v. Harris, 465 U.S. 37 (1984). NRS 177.055(2)(d) was recently amended to abolish the proportionality review requirement. This amendment became effective June 6, 1985. 1985 Stats. ch. 527, Sect. 1, at 1597-1598. The prohibition against ex post facto laws requires that we apply the law as it existed when the crime was committed. See Goldworthy v. Hannifin, 86 Nev. 252, 468 P.2d 350 (1970). Therefore, we must conduct a proportionality review of Hill's sentence of death.