# THOMAS EDWARD BAAL, Appellant, v. THE STATE OF NEVADA, Respondent.

## No. 19666

February 22, 1990                         787 P.2d 391

*Schieck & Derke,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, and *Ulrich Smith,* Deputy District Attorney, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

After entering pleas of guilty, appellant Thomas Edward Baal was convicted of first degree murder and of robbery, both with use of a deadly weapon. Baal was thereafter sentenced to death by a three-judge panel. The district court sentenced Baal to two consecutive fifteen-year terms for robbery and denied Baal's motion to withdraw his guilty pleas. Our review of the record convinces us that Baal's guilty pleas were properly accepted and his sentences properly imposed. We therefore affirm.

### THE FACTS

At approximately 5:30 a.m. on February 26, 1988, Thomas Baal arrived on foot at McCarran airport in Las Vegas. Baal approached Frances P. Maves as she was checking the engine compartment of her Discover America Charter shuttle bus. Baal told Maves that he needed help and asked for money. Maves gave Baal twenty dollars. Baal then pulled a knife from his pocket and demanded more money. Maves tried to flee, but Baal grabbed her and forced her into her car which was parked behind the shuttle bus. Maves failed in her attempts to calm Baal down, and then to gain control of the knife. According to Baal, after Maves hit his

knife hand he told her, "You shouldn't have done that. Now you pay. I sentence you to death," and he began stabbing her. After stabbing Maves twice while in the car, Baal pulled Maves out of the car, turned her over, and resumed his attack. Baal then took Maves' car and fled the scene.

Shortly after Baal departed, Maves was discovered by a co-worker. First aid was rendered and emergency help summoned. Despite the efforts to save her, Maves was pronounced dead at 8:15 a.m. A pathologist testified that the cause of death was multiple stab wounds to the chest, back, and right shoulder which had pierced Maves' heart, aorta, spine, and both lungs.

Investigators probing the scene found a fixed-blade survival knife and a scabbard designed for a folding knife. Inscribed inside the scabbard were the name, address, and phone number of Baal's father. Edward Baal was contacted and Thomas Baal developed as a suspect. At approximately 11:30 a.m. on February 26, Maves' bloodstained car was found abandoned. The contents of Maves' purse were strewn throughout the interior and the rear license plate was missing.

Baal was recognized and arrested in Reno on February 28, 1988. Las Vegas Detectives Tom Dillard and Bob Leonard met Baal in Reno and Dillard gave him his *Miranda* warning.[1] Baal stated that he understood his rights and was willing to speak to the officers without an attorney present. Baal initially denied any involvement in the killing. However, after detectives described the incriminating evidence they had found, Baal confessed. Upon returning to Las Vegas, Baal assisted the officers in locating Maves' two-way radio, her coat, the missing license plate, the murder weapon, and admitted taking $120 from Maves' purse.

Baal was examined by two psychiatrists in March 1988. Dr. Jurasky examined him on March 21, and Dr. Master examined him on March 28. Both doctors opined that Baal was competent to stand trial, able to understand right from wrong at the time of the alleged offense, and disturbed but not psychotic. On June 28, 1988, Baal was arraigned and pled not guilty and not guilty by reason of insanity. A third psychiatrist, Dr. O'Gorman, was appointed to examine Baal and, following an August 31, 1988 examination, also concluded that Baal was competent to stand trial.

On August 24, 1988, Baal filed a motion to suppress his confession, claiming it was obtained under duress. On September 22, 1988, Baal appeared for a hearing on his motion to suppress. However, defense counsel informed the district court that Baal had instructed them not to argue the motion, and that Baal wished

---

[1]Miranda v. Arizona, 384 U.S. 436, 478-9 (1966).

to plead guilty. Baal opposed the district judge's suggestion that the matter be continued and, following a thorough canvassing, pled guilty to first degree murder and to robbery, both with use of a deadly weapon.

On October 24, 1988, a three-judge panel conducted a penalty hearing. Baal's parents testified on his behalf. The panel found three aggravating circumstances: murder involving depravity of mind, murder committed during the commission of a robbery, and murder committed by a person under sentence of imprisonment. The panel found no mitigating circumstances and, upon a unanimous vote, sentenced Baal to death. On December 20, 1988, the district court sentenced Baal to two consecutive fifteen-year terms on the robbery conviction.

On December 9, 1988, Baal filed a motion to withdraw his guilty pleas. At the May 24, 1989 hearing on that motion, the district judge noted the extensive canvassing that had occurred prior to Baal's plea, and Baal's assertions during the canvass that his plea was free, voluntary, uncoerced, and based on the fact of his guilt. In response to Baal's specific contention that corrections officers had assaulted him with broken glass, and that he had pled guilty in order to avoid further harassment and brutality, the district judge noted Baal's contradictory statements to Dr. O'Gorman where Baal claimed he had cut himself while in jail because he likes to feel pain. Thus, the district court denied Baal's motion to withdraw his pleas. Baal appeals from his judgments of conviction, his sentences, and from the denial of his motion to withdraw his guilty pleas.

## DISCUSSION

Baal contends that his guilty pleas were involuntarily entered and that it was error to deny his motion to withdraw them. A guilty plea is presumptively valid and the burden is upon appellant to show that the denial of a motion to withdraw the plea constituted a clear abuse of discretion. Wynn v. State, 96 Nev. 673, 675, 615 P.2d 946, 947 (1980). Following sentencing, a guilty plea may be set aside only to correct a manifest injustice. NRS 176.165. A guilty plea will be considered properly accepted if the trial court sufficiently canvassed the defendant to determine whether the defendant knowingly and intelligently entered into the plea. Williams v. State, 103 Nev. 227, 230, 737 P.2d 508, 510 (1987) (citing Bryant v. State, 102 Nev. 268, 721 P.2d 364 (1986)).

The record clearly establishes that Baal was sufficiently canvassed and belies Baal's claim that his pleas were coerced. As

already noted, Baal's statements to Dr. O'Gorman contradict the claim that he pled guilty due to harassment and brutality while in custody. In addition, at his September 22, 1988 hearing, Baal specifically denied that his pleas were the result of promises, threats, coercion, or his treatment while incarcerated. Given the exhaustive canvassing that occurred and Baal's repeated assertions that his pleas were voluntary, we conclude that the district court did not abuse its discretion in denying Baal's motion to withdraw his pleas.

Baal contends that he was incompetent to enter a guilty plea, and that it was error not to conduct a competency hearing prior to accepting his pleas. This contention also lacks merit. A hearing is constitutionally and statutorily required if there is substantial evidence which raises a reasonable doubt as to a defendant's competency to stand trial. Melchor-Gloria v. State, 99 Nev. 174, 180, 660 P.2d 109, 113 (1983); NRS 178.400-178.440. Whether a hearing is required in order to determine a defendant's competency to enter a plea is also governed by the reasonable doubt standard. Warden v. Conner, 93 Nev. 209, 210, 562 P.2d 483, 484 (1977). Determining whether such a doubt exists rests within the trial court's discretion. *Melchor-Gloria,* 99 Nev. at 180, 660 P.2d at 113.

In the instant case, Baal's psychiatric examiners all concluded that he was competent to stand trial and none of the examiners considered him to be psychotic. One psychiatrist described Baal's intelligence as "low normal," another as "borderline." The psychiatrists' conclusions were consistent, were noted by the trial judge prior to accepting Baal's pleas, and no challenge to Baal's competency was made in the district court. Given the above circumstances, Baal's intelligent responses during the plea canvass, and the record as a whole, we conclude that there was not substantial evidence which raised a reasonable doubt as to Baal's competency to enter a plea. Thus, the district court was not required to conduct a competency hearing.

Baal contends that the death sentence imposed in his case was arbitrary and capricious. Baal claims the sentencing panel erred in failing to find, as a mitigating circumstance, that the murder was committed while he was under the influence of extreme mental or emotional disturbance.[2] Baal further contends that the panel erred in considering depravity of mind as an aggravating circumstance, since instructions regarding the applicability of that circumstance have been deemed insufficient to channel and

---

[2]*See* NRS 200.035.

limit the sentencer's discretion. Deutscher v. Whitley, 884 F.2d 1152, 1162-3 (9th Cir. 1989). Baal does not contest the panel's finding that the murder was committed during the course of a robbery and while he was under sentence of imprisonment.

The record contains evidence that although Baal has a personality disorder, he is not psychotic. Having considered that evidence, the sentencing panel was justified in rejecting the asserted mitigating circumstance. Farmer v. State, 101 Nev. 419, 421-22, 705 P.2d 149, 151 (1985). Given the lack of mitigating circumstances, and without considering the challenged depravity of mind aggravating circumstance, it is clear that Baal's death sentence was warranted by and imposed in conformity with the provisions of NRS 200.030. We therefore reject Baal's contention that his death sentence was arbitrarily imposed.

Baal raises three constitutional challenges to Nevada's capital sentencing procedures. Baal first claims that allowing a defendant to plead guilty in a capital case, with the sentence then being determined by a three-judge panel,[3] results in arbitrary and capricious imposition of the death penalty. To support this contention, Baal argues that three-judge panels invariably return with a sentence of death. Baal cites no empirical evidence to support this argument, nor does he cite authority to support the argument that the use of a three-judge panel is unconstitutional. Indeed, the use of a three-judge panel has withstood constitutional scrutiny. Spaziano v. Florida, 468 U.S. 447 (1984); Hill v. State, 102 Nev. 377, 724 P.2d 734 (1986). Thus, we reject Baal's first constitutional challenge to the use of a three-judge panel.

Second, Baal contends that sentencing by a three-judge panel unconstitutionally deprives a defendant of his right to a jury. We disagree. Both the United States Supreme Court and this court have rejected the argument that a defendant in a capital case is guaranteed a jury at sentencing. Cabana v. Bullock, 474 U.S. 376, 385-6 (1986); Hill, 102 Nev. at 379, 724 P.2d at 375.

Third, Baal contends that sentencing by a three-judge panel following a guilty plea, rather than by a jury, is a denial of equal protection. Again, we disagree. In rejecting this final argument we note that Baal had the option of pleading not guilty, and thus the ability to place himself within the class of defendants which

---

[3]*See* NRS 175.558.

he now claims receives more favorable treatment. *See* State v. Freudenthaler, 734 P.2d 894, 896 (Or.Ct.App. 1987).

Finally, given the aggravating circumstances properly found in Baal's case, we hold that Baal's death sentence is not excessive, considering both the crime and the defendant. NRS 177.055(2)(d). We further conclude that nothing in the record indicates that Baal's sentence was imposed under the influence of passion, prejudice, or any arbitrary factor. NRS 177.055(2)(c).

For the foregoing reasons, we affirm Baal's convictions of first degree murder with use of a deadly weapon, of robbery with use of a deadly weapon, and the sentences imposed thereunder.[4]

---

[4]In light of the foregoing opinion, appellant's February 15, 1990 motion requesting that his appeal be "stayed and abandoned," and requesting that the matter be remanded to the district court for an order setting an execution date, is hereby deemed moot.