An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

QUINCY RAY SOLOMON JULIAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61000



FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Quincy Ray Solomon Julian's post-conviction motion to withdraw his guilty plea. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

On February 16, 2010, Julian was convicted of murder with the use of a deadly weapon, grand larceny, and attempted robbery with the use of a deadly weapon. Julian did not file a direct appeal but filed a proper person motion to withdraw his guilty plea on May 25, 2011, and a supplemental motion to withdraw his guilty plea on November 28, 2011. An evidentiary hearing on the motion was held on May 4, 2012, and the district court entered an order denying Julian's motion on June 1, 2012. This timely appeal followed.

Julian contends that the district court erred by denying his motion to withdraw his guilty plea because he had taken psychotropic medications the morning he entered his guilty plea and was suffering from severe mental illness at the time. Additionally, Julian contends that he is entitled to relief because he received ineffective assistance of counsel in that: (1) he filed a formal complaint about counsel; (2) the plea agreement offered no benefit to him; (3) counsel advised him to plead guilty without

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27722

advising him of alternative pleas; and (4) counsel advised him to plead guilty even though there was a defense to his case and he had a conflict with counsel.

After the imposition of a sentence, the district court will allow the withdrawal of a guilty plea only to correct a manifest injustice. NRS 176.165. "A guilty plea will be considered properly accepted if the trial court sufficiently canvassed the defendant to determine whether the defendant knowingly and intelligently entered into the plea." *Baal v. State*, 106 Nev. 69, 72, 787 P.2d 391, 394 (1990). A guilty plea is presumptively valid, and appellant carries the burden of establishing that his plea was not entered knowingly and intelligently. *See Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). This court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion. *Id*. We conclude that Julian has failed to meet his burden of establishing that his plea was entered involuntarily and unknowingly or that a manifest injustice entitles him to relief.

Based upon the district court's observations during the plea canvass, Julian's responses, and counsel's testimony, the district court found that when he pleaded guilty, Julian was not suffering from any mental illness. Rather, the district court determined that there was no evidence in the record to support Julian's claim that he had a diagnosed mental illness, save for Julian's own pronouncement. Considering counsel's testimony and a letter from Dr. Martha Mahaffey, the district court further found that Julian was malingering during the period between his arrest and his entry of plea. Additionally our review of the record on appeal reveals that Julian initiated the change of plea and that he was thoroughly canvassed by the district court, specifically concerning

any possible side effects of his medication and any possible "voices" affecting his decision-making process.

With regard to Julian's claims about counsel, the district court found that, based upon the testimony at the hearing, the competency reports, and the grand jury transcript, a plea of guilty but mentally ill or a defense of insanity was not available to Julian. The district court further found that counsel extended considerable effort to obtain the best possible offer from the prosecutor and that it was Julian who rejected a joint sentencing recommendation and who wanted to take his chances with a free-to-argue sentencing. The record does not demonstrate any conflict of interest between Julian and his counsel, only that Julian filed a request for a new attorney because his had called him a coward.

Having reviewed the record and for the reasons set forth above, we conclude that the district court did not abuse its discretion in denying Julian's post-conviction motion to withdraw his guilty plea. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Connie J. Steinheimer, District Judge
       Story Law Group
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk