An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ,
DISTRICT JUDGE,
Respondents,
 and
AARON ROBERT HOXIE,
Real Party in Interest.

No. 66193

**FILED**

NOV 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malme
DEPUTY CLERK

## *ORDER GRANTING PETITION*

This original petition for a writ of mandamus or prohibition challenges a district court order allowing the real party in interest to withdraw his guilty plea to a felony charge and enter a guilty plea to a gross misdemeanor charge after completing probation.

In November 2009, real party in interest Aaron Hoxie pleaded guilty to a felony charge of attempted coercion and was placed on probation. He was honorably discharged from probation in January 2012. Nearly two years later, Hoxie filed a motion for modification of the original adjudication seeking to reduce his felony conviction to a gross misdemeanor. As cause for the motion, Hoxie cited his honorable discharge from probation, his involvement in the community, the absence of further contact with the legal system, and his current employment, which was in jeopardy due to his felony conviction. The State opposed the

14-37368

motion. In a hearing on the motion, the district court confirmed with Hoxie that he wished to withdraw his guilty plea to attempted coercion and plead guilty to conspiracy to commit coercion, a gross misdemeanor. The district court granted the motion, determining that "[b]ecause the defendant has already successfully completed his probation and he has been honorably discharged, despite the fact that this was not part of the original plea negotiations, given the stellar way in which the defendant has performed, I'm going to grant his request and permit [him] to plead guilty to conspiracy to commit coercion, a gross misdemeanor." The district court subsequently entered an amended judgment of conviction adjudicating Hoxie of conspiracy to commit coercion and sentenced him to "credit for time served." This writ petition followed.

A writ of mandamus may issue to compel the performance of an act which the law requires "as a duty resulting from an office, trust or station," NRS 34.160; or to control a manifest abuse or arbitrary or capricious exercise of discretion, see *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603–04, 637 P.2d 534, 536 (1981). Mandamus is an extraordinary remedy, and it is within the discretion of this court to determine if a petition will be considered. *See Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982). A writ of prohibition may issue to arrest the proceedings of a district court exercising its judicial functions, when such proceedings are in excess of the jurisdiction of the district court. NRS 34.320. Neither writ will issue if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of the law. *See* NRS 34.170; NRS 34.330. Petitioner bears the burden of demonstrating that our intervention by way of extraordinary

relief is warranted. *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). Because the State cannot appeal the amended judgment of conviction, we elect to exercise our discretion and consider the petition.[1]

The State challenges the district court's authority to allow Hoxie to withdraw his guilty plea to a felony and enter a guilty plea to a gross misdemeanor charge after completing his sentence. We first begin with the district court's decision to allow Hoxie to withdraw his guilty plea to attempted coercion.[2] "Following sentencing, a guilty plea may be set aside only to correct a manifest injustice." *Baal v. State,* 106 Nev. 69, 72, 787 P.2d 391, 394 (1990); *see* NRS 176.165 ("To correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."). The district court allowed Hoxie to withdraw his guilty plea because he successfully completed probation and his performance while on probation was "stellar." While Hoxie's successful completion of probation is commendable, that

---

[1]The State appealed from the amended judgment of conviction, but this court dismissed the appeal for lack of jurisdiction.

[2]In *Harris v. State,* we held that a post-conviction petition for a writ of habeas corpus provides the exclusive remedy for challenging the validity of a guilty plea made after sentencing for persons in custody on the conviction being challenged. However, any person who is no longer in custody is not subject to the exclusive-remedy language in NRS 34.724(2)(b) regardless of whether the remedy is incident to the proceedings in trial court, noting the writ of *coram nobis* as an exception to the exclusive-remedy provision. 130 Nev. ___, ___ n.1, 329 P.3d 619, 622 n.1 (2014).

circumstance does not constitute a manifest injustice that warrants withdrawal of his guilty plea. *Cf. Rubio v. State*, 124 Nev. 1032, 1039, 194 P.3d 1224, 1228 (2008) (observing that district court may grant post-conviction motion to withdraw a guilty plea that was involuntarily and unknowingly entered to correct manifest injustice and that manifest injustice may be shown by ineffective assistance of counsel); *State v. Adams*, 94 Nev. 503, 505-06, 581 P.2d 868, 869 (1978) ("Manifest injustice within the intendment of NRS 176.165 does not occur from the entry of a guilty plea to a sustainable charge."); *see State v. James*, 500 N.W.2d 345, 348 (Wis. Ct. App. 1993) ("A manifest injustice occurs where a defendant makes a plea involuntarily or without knowledge of the consequences of the plea—or where the plea is entered without knowledge of the charge or that the sentence actually imposed could be imposed." (internal quotation marks omitted)). We therefore conclude that the district court manifestly abused its discretion by allowing Hoxie to withdraw his guilty plea to attempted coercion. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse of discretion and arbitrary or capricious exercise of discretion in context of mandamus).

Even if we assume that adequate grounds existed to allow Hoxie to withdraw his guilty plea, the district court manifestly abused its discretion by allowing him to plead guilty to conspiracy to commit coercion because it lacked authority to do so. "Whether to prosecute and what charge to file or bring before the grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *see United States v. Miller*, 722 F.2d 562, 564 (9th Cir.

1983) (observing that prosecutor's discretion in charging decisions is "almost absolute"); *Cairns v. Sheriff*, 89 Nev. 113, 115, 508 P.2d 1015, 1017 (1973) ("The matter of the prosecution of any criminal case is within the entire control of the district attorney."); *State v. Foss*, 556 N.W.2d 540, 540 (Minn. 1996) ("Generally, a prosecutor has broad discretion in the exercise of the charging function and ordinarily, under the separation-of-powers doctrine, a court should not interfere with the prosecutor's exercise of that discretion."); *State v. Walsh*, 17 P.3d 591, 595 (Wash. 2001) (Alexander, C.J., concurring) ("Under the principles of separation of powers, the charging decision is for the prosecuting attorney."). This court recognized long ago that "[j]udicial [p]ower, or the exercise of judicial functions cannot include powers or functions that do not stem from the basic judicial powers and functions set forth in the [Nevada] Constitution, unless the Constitution otherwise expressly provides." *Galloway v. Truesdale*, 83 Nev. 13, 20, 422 P.2d 237, 242-43 (1967). Therefore, "judicial power, and the exercise thereof by a judicial function, cannot include a power or function that must be derived from the basic Legislative or Executive powers." *Id.* at 21, 422 P.2d at 243; *see* Nev. Const. art. 3, § 1 (providing that government powers are divided into three separate departments—Legislative, Executive, and Judicial—and that "no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others, except in the cases expressly directed or permitted in this constitution"). Here, the district court allowed Hoxie to plead guilty to an offense that was never charged by the State. No statute or constitutional provision authorized the district court's action and therefore we conclude

that it manifestly abused its discretion by allowing Hoxie to plead guilty to a gross misdemeanor charge of conspiracy to commit coercion.[3] *See Armstrong*, 127 Nev. at ___, 267 P.3d at 780. Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate the amended judgment of conviction.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                     Cherry

cc:     Hon. Elizabeth Goff Gonzalez, District Judge
        Clark County District Attorney
        Clark County Public Defender
        Eighth District Court Clerk

---

[3]We note but do not address the provisions relating to Pardon's Board relief in Nev. Const. art. 5, § 14 and NRS 213.020.