An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS SMITH, DISTRICT JUDGE,
Respondents,
    and
SHAWN MICHAEL PRATHER,
Real Party in Interest.

No. 67587

**FILED**

MAY 18 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER GRANTING PETITION*

This original petition for a writ of mandamus or prohibition challenges a district court order allowing the real party in interest Shawn Michael Prather to withdraw his guilty plea and reducing his conviction to a gross misdemeanor charge after completing probation.

Prather pleaded guilty to attempted battery with substantial bodily harm, which may be punished as a category D felony or a gross misdemeanor. He was punished for a felony, but the district court suspended the sentence and placed him on probation. At the sentencing hearing, the district court told Prather that if he "stayed out of trouble and there's been no problems," his counsel "can file a motion to treat this as a gross misdemeanor." At the conclusion of the probationary period, Prather was honorably discharged. Approximately seven months later, Prather filed a motion to withdraw his guilty plea and reduce his

SUPREME COURT
OF
NEVADA

(O) 1947A

15- 15230

conviction to a gross misdemeanor.[1] The State opposed the motion. Based on its representations at sentencing, the district court granted the motion and ordered the State to prepare an amended judgment of conviction reflecting a gross misdemeanor conviction. This writ petition followed.[2] Because the State cannot appeal the district court's order, we elect to exercise our discretion and consider the petition. *See* NRS 34.160 (providing that writ of mandamus may issue to compel performance of act which law requires "as a duty resulting from an office, trust or station"); NRS 34.170 (providing that writ of mandamus will not issue if petitioner has plain, speedy, and adequate remedy in ordinary course of law); *Pan v. Eighth Judicial Dist. Court,* 120 Nev. 222, 228, 88 P.3d 840, 844 (2004); (observing that petitioner bears the burden of demonstrating that this court's intervention by way of extraordinary relief is warranted); *Poulos v. Eighth Judicial Dist. Court,* 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982) (observing that mandamus is extraordinary remedy, and it is within this court's discretion to determine if petition will be considered); *Round Hill Gen. Improvement Dist. v. Newman,* 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (mandamus available to control a manifest abuse or arbitrary or capricious exercise of discretion).

---

[1]Prather previously had filed a motion to amend the judgment of conviction to reduce his felony conviction to a gross misdemeanor conviction, but the district court denied the motion, concluding that it lacked jurisdiction.

[2]We provided Prather an opportunity to file an answer to the petition, but he did not file a response.

The State challenges the district court's authority to allow Prather to withdraw his guilty plea and reduce the charge to a gross misdemeanor after completing his sentence. We agree that there were no grounds to grant the motion as Prather's successful completion of probation does not constitute a manifest injustice that must be corrected by allowing the withdrawal of the guilty plea.[3] *See* NRS 176.165 ("To correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."); *Baal v. State*, 106 Nev. 69, 72, 787 P.2d 391, 394 (1990) ("Following sentencing, a guilty plea may be set aside only to correct a manifest injustice."); *cf. Rubio v. State*, 124 Nev. 1032, 1039, 194 P.3d 1224, 1228 (2008) (observing that district court may grant post-conviction motion to withdraw a guilty plea that was involuntarily and unknowingly entered to correct manifest injustice and that manifest injustice may be shown by ineffective assistance of counsel); *State v. Adams*, 94 Nev. 503, 505-06, 581 P.2d 868, 869 (1978) ("Manifest injustice within the intendment of NRS 176.165 does not occur from the entry of a guilty plea to a sustainable charge."); *see State v. James*, 500 N.W.2d 345, 348 (Wis. Ct. App. 1993) ("A manifest injustice occurs where a defendant makes a plea involuntarily or without knowledge of the consequences of the plea—or where the plea is entered without knowledge of the charge or that the sentence actually imposed could be imposed." (internal quotation marks omitted)). Further,

---

[3]In *Harris v. State*, we held that a post-conviction petition for a writ of habeas corpus provides the exclusive remedy for challenging the validity of a guilty plea after sentencing. 130 Nev. Adv. Op. 47, 329 P.3d 619, 622 n.1 (2014). But because Prather was no longer in custody he could not file a post-conviction habeas petition. *See id.*

while we acknowledge that Prather's motion was prompted by the district court's comments at sentencing, no statute or constitutional provision authorized withdrawal of the guilty plea and entry of a judgment on a reduced charge after Prather had been adjudicated on the felony charge and completed his sentence and the parties had not negotiated for a reduced charge upon successful completion of probation. *See generally Cairns v. Sheriff*, 89 Nev. 113, 115, 508 P.2d 1015, 1017 (1973) ("The matter of the prosecution of any criminal case is within the entire control of the district attorney."); *Galloway v. Truesdale*, 83 Nev. 13, 20, 422 P.2d 237, 242-43 (1967) (recognizing that "[j]udicial [p]ower, or the exercise of judicial functions cannot include powers or functions that do not stem from the basic judicial powers and functions set forth in the [Nevada] Constitution, unless the Constitution otherwise expressly provides").

We therefore conclude that the district court manifestly abused its discretion by allowing Prather to withdraw his guilty plea to attempted battery with substantial bodily harm and reducing the conviction from a felony to a gross misdemeanor.[4] *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. Adv. Op. No. 84, 267 P.3d 777, 780 (2011) (defining manifest abuse of discretion and arbitrary or capricious exercise of discretion in context of mandamus). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate its order granting Prather's motion to withdraw his

---

[4]We note but do not address the provisions relating to Pardon's Board relief in Nev. Const. art. 5, § 14 and NRS 213.020.

guilty plea to a felony charge and reducing his conviction to a gross misdemeanor.

_____
Parraguirre

_____, J.        _____, J.
Douglas                                      Cherry

cc:    Hon. Douglas Smith, District Judge
       Attorney General/Carson City
       Clark County District Attorney
       Tannery Law Office
       Eighth District Court Clerk