IN THE SUPREME COURT OF THE STATE OF NEVADA

DAYSHARA PASCHAL-CAMPOS, A/K/A
DAYSHARA PASCHALCAMPOS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77812

FILED

~~JAN 27~~

CLERK OF ~~SUPREME~~ COURT
BY
~~DEPUTY CLERK~~

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery with a deadly weapon resulting in substantial bodily harm and burglary. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

Appellant Dayshara Paschal-Campos (Dayshara) was convicted of battery with a deadly weapon resulting in substantial bodily harm and burglary after she stabbed a student in the bathroom of Clark High School. Dayshara challenges her conviction on sufficiency of the evidence grounds and claims of prosecutorial misconduct and improperly admitted bad act evidence. Having reviewed the record, we perceive no reversible error and thus affirm the conviction.

We first consider Dayshara's argument that the State presented insufficient evidence to sustain the burglary conviction. Under NRS 205.060(1), a person commits burglary when he or she enters any house, room, building, or other structure enumerated in the statute with the intent to commit a felony. At trial, the State presented evidence that

Dayshara entered the bathroom in Clark High School with the intent to stab someone and inflict "[v]ery painful injuries." Dayshara does not dispute this evidence and instead argues that a person cannot burglarize a building she has an absolute right to enter and that here, Dayshara had an absolute right to enter Clark High School as a student there. She relies on *State v. White*, 130 Nev. 533, 538-39, 330 P.3d 482, 486 (2014), wherein this court held that a person cannot burglarize his or her own home when he or she has an absolute right to enter the home. *White*, however, is distinguishable, as this case involves one's right to enter a public building, not one's own home. These rights are not analogous, thus we decline to apply *White*'s holding here.[1]

Further, Nevada has expressly conditioned entrance to public buildings on a person's intent, explaining that the authority to enter a public building extends only to people "who enter with a purpose consistent with the reason the building is open." *State v. Adams*, 94 Nev. 503, 505, 581 P.2d 868, 869 (1978). Because Dayshara does not dispute that she entered Clark High School with the intent to stab another student, an activity that is clearly inconsistent with the reason the building is open, we cannot conclude that Dayshara had an absolute right to enter Clark High School. Accordingly, her argument that the burglary statute does not apply to her

---

[1]Unlike the right to enter one's own home, the right to enter a public building derives from an invitation and is subject to conditions. *Compare People v. Gauze*, 542 P.2d 1365, 1367 (Cal. 1975) (describing the right to enter one's own home as "a personal right" that cannot be conditioned on consent), *with People v. Barry*, 29 P. 1026, 1027 (Cal. 1892) (explaining that "a party who enters [a public building] with the intention to commit a felony enters without an invitation" and can therefore be denied admission or ejected from the premises).

entry into Clark High School with the intent to commit a felony fails. *White*, 130 Nev. at 536, 330 P.3d at 484 (observing that this court "review[ ] questions of law and statutory interpretation de novo").

We next consider Dayshara's argument that the State improperly shifted the burden of proof during its rebuttal closing argument.[2] We review claims for prosecutorial misconduct in two steps, determining first "whether the prosecutor's conduct was improper," and if so, whether it "warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Generally, a prosecutor impermissibly shifts the burden of proof by commenting "on the defense's failure to produce evidence or call witnesses." *Whitney v. State*, 112 Nev. 499, 502, 915 P.2d 881, 883 (1996). We have held, however, that a prosecutor does *not* improperly shift the burden of proof by commenting on defense's failure to substantiate its theories with supporting evidence. *Evans v. State*, 117 Nev. 609, 631, 28 P.3d 498, 513 (2001), *overruled on other grounds by Lisle v. State*, 131 Nev. 356, 366 n.5, 351 P.3d 725, 732 n.5 (2015). Here, the prosecutor was directly responding to Dayshara's defense theories and commenting on Dayshara's failure to substantiate her theories with evidence. She did not improperly suggest that Dayshara was required to present any evidence or witnesses related to the State's case, and in fact clarified to the jury that Dayshara had no duty to present evidence. We therefore conclude that the

---

[2]Dayshara also argues that the State improperly vouched for the victim during its rebuttal argument. At trial, however, the district court sustained Dayshara's objection and later instructed the jury that it must decide guilt based on the evidence and that the attorneys' arguments and opinions were not evidence. Because jurors are presumed to follow jury instructions, *Lisle v. State*, 113 Nev. 540, 558, 937 P.2d 473, 484 (1997), we conclude that any alleged error was harmless.

prosecutor's conduct was not improper. *See Rimer v. State*, 131 Nev. 307, 331, 351 P.3d 697, 714 (2015) (relying on *Evans* to conclude that the prosecutor did not err when he asked, "'what evidence is there to suggest that they were sick. How about a witness,'" in response to defense's suggestion that the suspect was sick on the day of the crime).

Finally, we consider Dayshara's argument that the district court improperly admitted prior bad act evidence, i.e., testimony that she was in the dean's office a few days before the stabbing. Dayshara argues that this testimony suggests that she was of bad character, and thus is inadmissible under NRS 48.045(2). We disagree. NRS 48.045(2) provides that "[e]vidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." Evidence that a student was sitting in the dean's office, absent any evidence of wrongdoing, is not evidence of a crime or wrongful act under NRS 48.045(2). This is especially true where, as here, there is direct evidence that the student was *not* in the dean's office for poor behavior—namely, an admission from Dayshara that she was in the dean's office seeking help regarding an alleged bullying situation. We therefore conclude that district court did not abuse its discretion when it admitted this evidence. *Newman v. State*, 129 Nev. 222, 231, 298 P.3d 1171, 1178 (2013) (explaining that "[t]his court reviews a district court's decision to admit or exclude prior-bad-act evidence under an abuse of discretion standard").

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:    Hon. William D. Kephart, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk