ROY EMERY HUBBARD, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 24549

July 7, 1994

877 P.2d 519

672

*James J. Jackson,* State Public Defender; *James P. Logan,* Appellate Deputy Public Defender, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *William Schaeffer,* District Attorney, and *Hy Forgeron,* Special Deputy District Attorney, Eureka County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction made pursuant to an *Alford* plea of four counts of lewdness with a minor. For reasons stated below, we affirm the decision of the district court.

*FACTS*

In February 1992, appellant Roy Emery Hubbard ("Hubbard"), age 61, was arrested on several counts of lewdness with a minor, attempted sexual assault and sexual assault. In March 1993, he was bound over for trial on five criminal counts. Count one alleged that between 1980 and April 1982 Hubbard committed a lewd and lascivious act upon his granddaughter who was approximately five to six years old at the time ["Granddaughter I"]. Count two alleged that between August 1985 and 1987 Hubbard committed a lewd and lascivious act upon Granddaughter I. Count three alleged that between 1980 and April 1982, Hubbard subjected Granddaughter I to digital sexual penetration. Count four alleged that between August 1985 and 1987, Hubbard attempted to subject another granddaughter, who at the time was approximately seven to eight years old ["Granddaughter II"], to sexual penetration. Count five alleged that between 1981 and April 1982, Hubbard committed a lewd and lascivious act upon Granddaughter II, who was approximately three years old at the time.

On May 11, 1982, Hubbard was convicted of extortion and kidnapping in the first degree with the use of a deadly weapon. He was incarcerated from May 1982 to July 25, 1985. Therefore, the offenses with which he was charged in the instant case took place both before and after his incarceration on the unrelated charges.

A jury trial was held during which both victims testified. Hubbard also testified on his own behalf. Following the close of his direct testimony and after conferring with his counsel, Hubbard decided to enter into a plea agreement. The State agreed to dismiss count three and amend count four from attempted sexual assault to lewdness with a minor. Hubbard agreed to plead guilty to four counts of lewdness with a minor. Hubbard stated that he did not want to enter such a plea, but felt he had to in view of a letter which was plaintiff's exhibit A.

The letter to which Hubbard referred was a letter he had written to his wife. In it, Hubbard admits to having touched his granddaughters in an inappropriate manner, though he claimed they initiated the contact against his wishes. In exchange for Hubbard's guilty plea, the State agreed not to use the letter and to ask the court not to consider it at sentencing.

Prior to accepting his plea, the court questioned Hubbard extensively about his reasons for entering a plea of guilty. Hubbard's counsel explained to the court that Hubbard, having admitted to touching the victims, though not to satisfy his own sexual desires, was entering an *Alford* plea in order to have the more

serious charges dropped. After questioning Hubbard, the court made a finding that Hubbard offered his plea voluntarily, knowingly, and intelligently; that there was a factual basis for the plea; that Hubbard understood the nature of the offenses to which he was pleading guilty; that he understood the range of possible punishment and consequences; and that he understood his constitutional rights. The court then accepted Hubbard's plea.

On the day of sentencing, Hubbard filed a motion to withdraw his plea of guilty on the ground that he had not entered his plea knowingly, voluntarily or intelligently. In his supporting affidavit, Hubbard stated that during trial he had been "suddenly confronted" with the letter he had written to his wife and that he had not known the State had possession of the letter. He stated that he had been "unable to make a voluntary decision due to the tremendous pressure and was unable to think intelligently and to make an informed decision due to [his] tremendous surprise and confusion." He had not realized that both the pre-sentence report and the court would consider allegations made by Granddaughter I and Granddaughter II concerning sexual acts. He claimed the reason for his plea was that while he was not guilty, he was afraid the statements he had made in the letter would be misinterpreted by the jury.

Before sentencing, the court conducted a hearing on Hubbard's motion. During questioning by his counsel, Hubbard stated that he had been required to make his decision to plead guilty within "three to five minutes." He claimed that anything he had done to Granddaughter I had been at her request. Further, he reiterated his statements in his affidavit that he had not been aware that allegations by the victims would be considered in the pre-sentence report. The court admitted the letter, which, prior to that time, had not been admitted. Hubbard testified that he understood the significance of an *Alford* plea. However, after seeing the pre-sentence report, he had decided to try to withdraw his plea. As to the time Hubbard had to make his decision, Hubbard's counsel stated that he recalled Hubbard having an hour and a half. The court noted that Hubbard had been given between one and one-half hours and two hours to make his decision.

Following the hearing, the court denied Hubbard's motion and found him guilty of four counts of lewdness with a minor under the age of fourteen years. The court then imposed four consecutive ten-year sentences.

Hubbard appeals and makes the following arguments: (1) the district court abused its discretion in denying his pre-sentence motion to withdraw his *Alford* plea; and (2) prosecution of both the pre-1985 acts and the post-1987 acts should have been barred

by the statute of limitations. We will address both of Hubbard's arguments as well as the issue as to whether the entering of an *Alford* plea acts as a waiver of any statute of limitations defense.

## DISCUSSION

As stated above, Hubbard agreed to plead guilty pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), after he learned that the prosecution had obtained and planned to offer the letter he had written to his wife. He later moved to withdraw his plea, but the court denied his motion.

Hubbard now claims that he should have been given at least until the following day to make his decision. In addition, his misconception concerning the court's consideration of the victims' allegations was enough to allow him to withdraw his plea.

This court has held that a guilty plea is presumptively valid, and the defendant has the burden of establishing that the plea was not entered knowingly and intelligently. Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986). Absent an abuse of discretion, the district court's decision regarding the validity of a guilty plea will not be reversed on appeal. *Id.* A guilty plea will be considered properly accepted if the trial court canvassed the defendant to determine whether the defendant knowingly and intelligently entered the plea. Baal v. State, 106 Nev. 69, 72, 787 P.2d 391, 394 (1990).

We conclude that the district court did not abuse its discretion in denying Hubbard's motion to withdraw his guilty plea. The district court thoroughly canvassed Hubbard prior to accepting his plea of guilty. Hubbard responded that he understood the charges, the consequences of the plea, and his constitutional rights. Accordingly, under our case law, the district court properly accepted Hubbard's plea and did not err in denying his motion to withdraw it.

Hubbard also argues that under Jezierski v. State, 107 Nev. 395, 812 P.2d 355 (1991), he should have been able to withdraw his plea in light of his assertion that he had not understood that the victims' allegations could be considered by the court in sentencing. However, we conclude that the facts of *Jezierski* are inapposite to the case at bar. In *Jezierski,* after the defendant had pleaded guilty, he learned that dismissed charges could be used against him at sentencing. This court held that the defendant should have been able to withdraw his plea because of the misconception and because the State had not yet been prejudiced.

*Id.* at 396, 812 P.2d at 356. In this case, Hubbard entered his guilty plea toward the end of trial. He was informed that he was waiving any defenses to the charges and that the State could argue on any matter except the letter at sentencing. In addition, Hubbard was informed that the pre-sentence report to be considered by the court would contain matters relevant to the case. Therefore, we cannot conclude that Hubbard's plea of guilty was made under any misconception, and thus our holding in *Jezierski* does not apply.

We next address Hubbard's contention that the prosecution of both the pre-1985 and the post-1987 actions should have been barred by the statute of limitations. Under NRS 171.085(2), the statute of limitations for lewdness with a minor under the age of fourteen is three years after the commission of the offense. However, NRS 171.095 provides that the statute of limitations is tolled in the event the offense was committed in a secret manner. In such cases, the statute of limitations is three years from the time of discovery. In addition, if the victim is a child, prosecution must take place before the victim is aged twenty-one. NRS 171.095(1)(b). This last provision was added by amendment in 1985. At the time of the pre-1985 offenses, the statute required prosecution prior to the time the child victim reached eighteen years of age.

In the instant case, both victims were under the age of eighteen at the time of trial. In addition, the first person to discover the crimes who had a duty to report them was Dr. Samantha Payne, a state licensed psychologist treating the victims. Dr. Payne discovered the crimes in October 1991. Hubbard was charged in December 1991. Accordingly, the prosecution took place well within the statute of limitations for both the pre-1985 and post-1987 offenses if a secret offense was involved.

Further, evidence was presented showing that these crimes were committed in a secret manner. There was evidence that Hubbard instructed the children to keep quiet about his actions and even threatened them on occasion. As we have previously stated, a crime is committed in a secret manner

> when it is committed in a deliberately surreptitious manner that is intended to and does keep all but those committing the crime unaware that an offense has been committed. . . . [G]iven the inherently vulnerable nature of a child, we conclude that the crime of lewdness with a minor can be committed in a secret manner . . . .

Walstrom v. State, 104 Nev. 51, 56, 752 P.2d 225, 228 (1988). Accordingly, evidence was presented showing that these crimes

were committed in a secret manner, thus tolling the statute of limitations.

Finally, we address the issue as to whether Hubbard waived the statute of limitations issues by entering an *Alford* plea. This is an issue of first impression in this court. Other courts have held that a voluntary plea of guilty waives all defenses other than the defense that no offense was charged in the complaint, information, or indictment. *See* State v. Bailey, 771 P.2d 766, 767 (Wash. Ct. App. 1989). It appears that most jurisdictions consider the statute of limitations to be non-jurisdictional and therefore waivable. *See* Conerly v. State, 607 So. 2d 1153 (Miss. 1992) (statute of limitations is non-jurisdictional but is an affirmative defense that may be waived); Longhibler v. State, 832 S.W.2d 908 (Mo. 1992) (statute of limitations is non-jurisdictional and can be waived); People v. Dickson, 519 N.Y.S.2d 419 (App. Div. 1987) (defendant must raise statute of limitations at trial or waive the defense; only when defendant raises the issue will state be required to allege facts that toll statute; defendant waived defense by entering guilty plea). However, California courts have held that the statute of limitations in a criminal case is jurisdictional and can never be waived. *See* People v. Ognibene, 16 Cal. Rptr. 2d 96 (Ct. App. 1993) (defendant not permitted to waive statute of limitations on time-barred lesser charges).

We conclude that the statute of limitations is a non-jurisdictional affirmative defense that must be asserted by the defendant or else it is waived. To make use of the defense, a defendant must present sufficient facts to demonstrate that the statute of limitations should not be tolled. In the instant case, Hubbard did not assert this defense either before or during trial. The record indicates no objections on the part of Hubbard to the State's actions in this regard. Indeed, when entering his plea, he testified that he understood he was waiving all defenses. Accordingly, we hold that in entering an *Alford* plea of guilty, Hubbard waived any defense of the statute of limitations.

In conclusion, we hold that the district court did not abuse its discretion in accepting Hubbard's plea of guilty and then denying his motion to withdraw his plea. Further, Hubbard's acts were clearly secret offenses that tolled the statute of limitations, thus making prosecution in this case within the time limit. Finally, we hold that in entering an *Alford* plea of guilty, Hubbard waived any statute of limitations defense. Accordingly, we hereby affirm Hubbard's conviction.