An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DON SCOTT OWEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60075

FILED

MAR 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

In his September 19, 2011, petition, appellant claimed that he received ineffective assistance of counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Kirksey v. State, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. Strickland v. Washington, 466 U.S. 668, 697 (1984).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07771

First, appellant claimed that trial counsel was ineffective because of a conflict of interest. Specifically, he claimed that since the victim in this case, appellant's ex-wife, was an attorney, his trial counsel must have had a personal relationship with her. Further, he claimed that because of the personal relationship, trial counsel would not bring up issues of conflict of interest against the district court. He also claimed that because of the conflict of interest he was convicted of felonies instead of misdemeanor domestic violence.

Appellant failed to demonstrate that trial counsel was deficient or that he was prejudiced because he failed to demonstrate that there was a conflict of interest. To show that an actual conflict of interest existed, appellant must demonstrate that his counsel was "placed in a situation conducive to divided loyalties." Clark v. State, 108 Nev. 324, 326, 831 P.2d 1374, 1376 (1992) (quoting Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991)). "Conflict of interest and divided loyalty situations can take many forms, and whether an actual conflict exists must be evaluated on the specific facts of each case." Id. (quoting Smith, 923 F.2d at 1320). Appellant failed to demonstrate that trial counsel was placed in a situation that divided her loyalties. He failed to demonstrate that trial counsel had a personal relationship with appellant's ex-wife or how that relationship affected trial counsel's performance. According to the documents presented by appellant, it was appellant that directed his trial counsel to approach his ex-wife regarding what she wanted him to plead to. He agreed to plead guilty to what was suggested by her. Further, the plea canvass indicates that appellant's plea was entered knowingly, voluntarily, and intelligently. See Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); Hubbard v. State, 110 Nev. 671, 675,

877 P.2d 519, 521 (1994). Therefore, the district court did not err in denying this claim.

Second, appellant claimed that trial counsel was ineffective for failing to challenge that his bail was excessive and was raised after the State found out who the victim was. This claim is outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea because it does not challenge the validity of the plea. NRS 34.810(1)(a). Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Jerome T. Tao, District Judge
     Don Scott Owen
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk