An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

NINO LEE WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61739

**FILED**

MAY 13 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his petition, filed on May 22, 2012, appellant raised two claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14032

*Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed that counsel was ineffective for misadvising appellant that he was eligible for probation, resulting in his rejecting an earlier, more favorable plea offer from the State. The district court denied this claim without an evidentiary hearing because it was "bare," counsel "is a highly experienced attorney," and appellant's offense was non-probational. Appellant's allegations were not bare and, if true, would have entitled him to relief such that he was entitled to an evidentiary hearing. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). If, as appellant alleged, counsel erroneously advised him that he was eligible for, and that counsel was actively working to secure, probation, counsel's performance was objectively unreasonable because, as the district court found, the offense was non-probational. Appellant would thus have demonstrated deficiency. Further, if appellant relied on counsel's incorrect advice and rejected a more favorable guilty plea offer than he would otherwise have accepted, appellant would have demonstrated prejudice. *Missouri v. Frye*, 566 U.S. ___, ___, 132 S. Ct. 1399, 1409 (2012). While counsel's level of experience may bear on his credibility at an evidentiary hearing, it was immaterial as to whether the

hearing was merited. We therefore conclude that the district court erred in denying this claim without an evidentiary hearing.[2]

Second, appellant claimed counsel was ineffective for failing to file a pretrial motion to suppress the burglary tools because they were neither found on appellant's person nor examined for his fingerprints. Appellant failed to demonstrate deficiency or prejudice. His bare claim failed to allege facts that would demonstrate a basis for suppressing the tools. *See, e.g., Arterburn v. State*, 111 Nev. 1121, 1127, 901 P.2d 668, 671 (1995) (reversing conviction where evidence obtained in violation of the Fourth Amendment should have been suppressed); *Passama v. State*, 103 Nev. 212, 216, 735 P.2d 321, 324 (1987) (reversing conviction where evidence obtained in violation of the Fifth Amendment should have been suppressed); *Diomampo v. State*, 124 Nev. 414, 430-31, 185 P.3d 1031, 1041-42 (2008) (reversing conviction where evidence should not have been admitted because it was more prejudicial than probative). We therefore conclude that the district court did not err in denying this claim.

Appellant also raised several claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in

---

[2]To complete his showing of prejudice at the evidentiary hearing, appellant must also prove that "there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Id.* at ___, 132 S. Ct. at 1410; *accord Lafler v. Cooper*, 566 U.S. ___, ___, 132 S. Ct. 1376, 1384-85 (2012); *see also State v. Crockett*, 110 Nev. 838, 548, 877 P.2d 1077, 1080-81 (1994); *Sparks v. State*, 104 Nev. 316, 322-23, 759 P.2d 180, 184-85 (1988). Because of the potential difficulty of this issue, and because the State did not oppose appellant's request, the district court may want to consider appointing counsel. NRS 34.750.

that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114. Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697.

First, appellant claimed that counsel was ineffective for failing to raise his ineffective-assistance-of-trial-counsel claims. Appellant failed to demonstrate deficiency or prejudice. Such claims are generally not appropriate for direct appeal, and appellant did not demonstrate a reasonable probability of success had counsel raised the claims. *See Pellegrini v. State*, 117 Nev. 860, 883, 34 P.3d 519, 534 (2001). We therefore conclude that the district court did not err in denying these claims.

Second, appellant claimed that counsel was ineffective for failing to challenge the validity of his guilty plea on appeal. Appellant failed to demonstrate deficiency or prejudice. Such claims are generally not appropriate for direct appeal where, as here, they were not first raised in the district court and the claim or error did not clearly appear in the record. *See Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 367-68 (1986), *as limited by Smith v. State*, 110 Nev. 1009, 1010-11 n.1, 879 P.2d 60, 61 n.1 (1994). We therefore conclude that the district court did not err in denying these claims.

Third, appellant claimed that counsel was ineffective for failing to argue that the State withheld exculpatory evidence in violation

of *Brady v. Maryland*, 373 U.S. 83 (1963). Appellant failed to demonstrate deficiency or prejudice because his claims, even if true, would not have entitled him to relief. Appellant claimed that upon his arrest, he was told that multiple voices could be heard on an audio tape from the burglary and that the State violated *Brady* by not turning the tape over to the defense until the morning trial was to have started. That others may have also committed the burglary was not favorable to appellant; by his own admission the evidence was turned over and was thus not withheld; and appellant knew of the evidence yet still pleaded guilty and thus could not demonstrate that but for the evidence having been withheld, he would not have pleaded guilty but would have insisted on going to trial. *See generally State v. Huebler*, 128 Nev. ___, 275 P.3d 91 (2012) (applying in the context of a guilty plea the three elements of a successful *Brady* claim: the evidence is favorable, it was withheld by the State, and it was material). We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant claimed that counsel was ineffective for failing to argue that he was denied his right to represent himself. Appellant failed to demonstrate deficiency or prejudice. Appellant requested that his trial counsel be replaced, but he never requested to represent himself. We therefore conclude that the district court did not err in denying this claim.

Fifth, appellant claimed that counsel was ineffective for not arguing that appellant's due process rights were violated because he was not afforded an opportunity to contest the State's evidence against him. Appellant failed to demonstrate deficiency or prejudice. Appellant had the right to challenge the State's evidence via jury trial, but appellant waived

that right when he pleaded guilty. We therefore conclude that the district court did not err in denying this claim.

Appellant next claimed that his guilty plea was invalid because he did not admit his guilt, he did not affirmatively state that he was not coerced into entering his plea, he did not understand the difference between category B and C felonies, the district court did not explain the elements of the crimes charged, the court implicitly coerced him into pleading guilty when it ordered the jury brought in after appellant asked to speak with his counsel, he had taken medication that caused him to be confused, and he only pleaded guilty because he was confused, was being rushed into the decision, and was afraid of trial. Appellant failed to demonstrate that his plea was invalid. *See Bryant,* 102 Nev. at 272, 721 P.2d at 368; *State v. Freese,* 116 Nev. 1097, 1105-06, 13 P.3d 442, 448-49 (2000). Most of appellant's claims were belied by the record. He admitted his guilt, told the district court he was not coerced, and stated that he understood that the category of felony was irrelevant to his adjudication as a habitual criminal. Further, the district court stated the elements of the offenses to which appellant pleaded guilty and, when appellant wanted to discuss the plea with his counsel, told him that they would not keep the jury waiting any longer but that appellant could revisit his decision at the break. Finally, when appellant was confused, he asked questions until he was satisfied with the response. The above substantially supports the district court's findings that appellant was not coerced, understood the charges against him and the consequences of his guilty plea, and accordingly entered his plea freely and voluntarily. Because the totality of the circumstances indicated that appellant understood the consequences of his plea, we conclude that the district

court did not abuse its discretion in denying appellant's claim. *See Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994).

Finally, appellant claimed that the State violated *Brady*, that he was denied his right to represent himself, and that his due process rights were violated because he was not afforded an opportunity to contest the State's evidence against him. These claims were outside the scope of claims allowed where a defendant was convicted pursuant to a guilty plea. NRS 34.810(1)(a). We therefore conclude that the district court did not err in denying these claims.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Douglas W. Herndon, District Judge
     Nino Lee Williams
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk