An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY ANDERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62182

FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In his July 19, 2012, petition, appellant claimed that his counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*,

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-27789

466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004).

First, appellant claimed that his counsel did not obtain all of the files regarding appellant's case prior to advising appellant to enter a guilty plea or prior to the sentencing hearing. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced because he did not identify what information counsel did not possess or how that information would have affected his decision to plead guilty or altered the sentencing hearing. Bare claims are insufficient to demonstrate a petitioner is entitled to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his counsel coerced his plea by telling him that he would upset the judge if he did not plead guilty. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant acknowledged in the guilty plea agreement and at the plea canvass that he entered his guilty plea voluntarily and did not act under duress or coercion. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his counsel promised him he would receive probation if he pleaded guilty. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Appellant acknowledged in the guilty plea agreement that he had not been promised a particular sentence. Moreover, the district court advised appellant at the plea canvass that the court would decide the appropriate sentence. Appellant failed to demonstrate he would not have

pleaded guilty and would have insisted on going to trial had counsel explained the court's role in imposing sentence in more detail. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that his counsel did not inform him in a timely manner that counsel was closing his law office. Appellant failed to demonstrate he was prejudiced. Appellant failed to demonstrate a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial had counsel informed him of the closing of the law office at an earlier time. Therefore the district court did not err in denying this claim.

Fifth, appellant claimed that his counsel told him he would file a notice of appeal and work on the direct appeal, yet failed to do so.[2] We conclude that the district court erred in denying the petition without conducting an evidentiary hearing on the appeal-deprivation claim because appellant's claim was not belied by the record and if true would have entitled him to relief. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225; *see also Toston v. State*, 127 Nev. ___, ___, 267 P.3d 795, 800 (2011). Therefore, we reverse the district court's denial of this claim and remand for an evidentiary hearing on the claim.[3]

---

[2]We note that appellant filed an untimely proper person notice of appeal. This court dismissed the appeal for lack of jurisdiction. *Anderson v. State*, 60723 (Order Dismissing Appeal, June 22, 2012).

[3]If the district court determines that appellant was deprived of a direct appeal, the district court should provide the remedy set forth in NRAP 4(c).

Next, appellant claimed his plea was not knowing and voluntary because he was not aware he could be adjudicated as a habitual criminal. Appellant failed to meet his burden to demonstrate that his plea was invalid. *See Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); *Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). Appellant's claim was belied by the record because he was informed in the guilty plea agreement, which he signed and acknowledged having read at the plea canvass, that he faced the possibility of adjudication as a habitual criminal. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225 (1984). Moreover, appellant was not adjudicated as a habitual criminal. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that his sentence is cruel and unusual punishment, plea bargains that do not bind the district court are improper, the district court improperly considered out-of-court statements made by the victim at the sentencing hearing, appellant's son told others that his mother coerced him into raising the allegations against appellant and he did not commit the crimes, the district court was biased, the State did not prove his prior convictions were proper for use in the enhancement, his prior convictions were stale and non-violent, the witnesses against him were not credible, he was sentenced without the opportunity to testify or be found guilty by a jury, he should have been convicted of a gross misdemeanor rather than a felony, and the presentence investigation report contained misstatements from the court-appointed psychologist. These claims were not based on an allegation that appellant's plea was involuntarily or unknowingly entered or that his plea was entered without effective assistance of counsel, and therefore, were not permissible in a post-conviction petition for a writ of habeas corpus

stemming from a guilty plea. *See* NRS 34.810(1)(a). Accordingly, the district court did not err in denying these claims. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Kathleen E. Delaney, District Judge
Anthony Anderson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk