An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK C. DONALDSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62925

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

On appeal from the denial of his November 16, 2010, petition, appellant first argues that the district court erred in denying claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review

14-23901

the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant argues that counsel was ineffective for advising him to enter a guilty plea to the counts of child abuse and neglect with substantial mental harm, because appellant had produced evidence that the children did not suffer substantial mental harm. Appellant has failed to demonstrate deficiency or prejudice. Even if the records that appellant provided in the proceedings below did demonstrate a lack of substantial mental harm on the part of the victims, appellant did not demonstrate that counsel knew or should have known of the information at the time of the entry of the guilty plea. *See Strickland*, 466 U.S. at 689 (explaining that counsel's performance must be evaluated from counsel's perspective at the time and without "the distorting effects of hindsight"). Accordingly, appellant did not demonstrate that counsel was objectively unreasonable. Moreover, appellant received a substantial benefit from the plea agreement in that he would not be subject to the deadly weapon sentence enhancement, which would have been a term equal and consecutive to that imposed for the murder. *See* 1995 Nev. Stat., ch. 455, § 1, at 1431. Accordingly, appellant did not demonstrate that, but for the alleged error of counsel, he would not have pleaded guilty and would have insisted on going to trial. We therefore conclude that the district court did not err in denying this claim.

Second, appellant argues that counsel was ineffective for advising him that the sentences for counts two and three would be imposed concurrent to that for count one. Appellant has failed to demonstrate prejudice. Even were appellant's claim true, he failed to demonstrate that, but for the alleged incorrect advice, he would not have

pleaded guilty but would have insisted on going to trial. Not only did the guilty plea agreement, which appellant orally acknowledged that he read and understood, clearly state that the sentences for counts two and three would run consecutive to that for count one, but in its canvass of appellant, the district court repeatedly and explicitly confirmed with appellant that he understood the stipulated sentence and that no one had promised him concurrent terms. We therefore conclude that the district court did not err in denying this claim.

Third, appellant argues that counsel was ineffective for failing to file a direct appeal upon appellant's timely request that he do so. Based upon our review of the record on appeal, we conclude that the district court erred in denying this claim. Trial counsel has a constitutional duty to consult with a defendant about a direct appeal when the defendant inquires about it and a duty to file a direct appeal when a client requests one or when the client expresses dissatisfaction with his conviction and sentence. *Toston v. State*, 127 Nev. ___, ___, 267 P.3d 795, 799-800 (2011). Appellant testified at the evidentiary hearing that at the conclusion of the sentencing hearing, he had asked counsel if he could file an appeal concerning his sentence and that counsel had responded that he would do it. Trial counsel testified that he did not have a specific recollection of the hearing but that he thought appellant had asked about appealing. He did not remember it being a specific request to appeal but offered conflicting hypotheses as to what his reaction might have been had appellant done so: He would have asked, "What appeal?" because he believed they were lucky that the judge followed the guilty plea agreement, and he would have "followed up" but would "[p]ossibly not file" because he needed something besides ineffective-assistance claims on which to base the appeal.

Appellant's testimony established by a preponderance of the evidence that he had requested an appeal, and counsel's testimony failed to rebut that. Because prejudice is presumed, see id. at ___, 267 P.3d at 799, appellant demonstrated that he received ineffective assistance of counsel. Thus, we reverse the decision of the district court to deny this claim, and we remand this matter to the district court to provide appellant with the remedy set forth in NRAP 4(c).[1]

Appellant also argues that his guilty plea was invalid. A guilty plea is presumptively valid, and a petitioner carries the burden of establishing that the plea was not entered knowingly and intelligently. *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); *see also Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994). Further, this court will not reverse a district court's determination concerning the validity of a plea absent a clear abuse of discretion. *Hubbard*, 110 Nev. at 675, 877 P.2d at 521. In determining the validity of a guilty plea, this court looks to the totality of the circumstances. *State v. Freese*, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); *Bryant*, 102 Nev. at 271, 721 P.2d at 367.

---

[1]The district court shall enter specific findings of fact and conclusions of law that appellant was deprived of a direct appeal and is entitled to a direct appeal with the assistance of counsel. *See* NRAP 4(c)(1)(B)(i). If appellant is indigent, the district court shall appoint appellate counsel. *See* NRAP 4(c)(1)(B)(ii). The district court shall also direct the clerk of the district court to prepare and file within 5 days of entry of the district court's order a notice of appeal from the judgment of conviction and sentence. *See* NRAP 4(c)(1)(B)(iii).

The totality of the circumstances demonstrates that appellant's guilty plea was valid. First, appellant argues that he believed all sentences would run concurrently. As discussed above, any such belief was unfounded. Second, appellant argues that his guilty plea was manifestly unjust because he would not have pleaded guilty had he known the State did not have evidence that the children suffered substantial mental harm. At the time of his guilty plea, appellant acknowledged that he was pleading guilty, in part, because his actions had inflicted substantial mental harm on the children and that pleading guilty was in his best interest. Further, as discussed above, he received a substantial benefit by accepting the State's plea offer, thereby avoiding the imposition of an equal and consecutive term of imprisonment for the deadly weapon enhancement for the murder count. We therefore conclude that the district court did not err in denying this claim.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Jessie Elizabeth Walsh, District Judge
The Law Office of Daniel M. Bunin
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk