An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN REDMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64919

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his petition filed on November 6, 2013, appellant claimed that he received ineffective assistance of trial counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). To demonstrate prejudice regarding the decision to enter a guilty plea, a petitioner must

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-30876

demonstrate a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

First, appellant claimed that trial counsel was ineffective for failing to file a pretrial motion to dismiss charges and for failing to prepare, make "reasonable strategic decisions," or investigate a defense. Appellant failed to demonstrate deficiency or prejudice, as his claims were bare and naked. *See id.* He failed to allege specific facts as to how a motion to dismiss charges would have had a reasonable probability of success. Further, he did not explain what decisions counsel should have made, how counsel should have prepared, or what defense counsel should have investigated. Therefore, the district court did not err in denying these claims.

Second, appellant claimed that trial counsel was ineffective at sentencing for failing to object to inflammatory remarks by the State and for making only two objections. Appellant failed to demonstrate deficiency or prejudice. The record shows that counsel objected at sentencing to the victim's testimony, to the lack of notice of that testimony, and to the State's allegations of other sexual abuse by appellant. Appellant failed to identify any other objections or arguments that counsel should have made. Therefore, the district court did not err in denying these claims.

Third, appellant claimed that he was misled by counsel as to the consequences of the plea agreement and that trial counsel was ineffective for failing to move for a continuance, move for an evidentiary hearing, lodge an appeal, or file to withdraw after the State argued for a 7- to 20-year prison sentence at the sentencing hearing. Appellant failed to demonstrate deficiency or prejudice because he failed to support these claims with specific facts that, if true, would entitle him to relief. *See id.* Therefore, the district court did not err in denying these claims.

Next, appellant claimed that he received ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey*, 112 Nev. at 998, 923 P.2d at 1114. Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697.

First, appellant claimed that appellate counsel was ineffective for failing to argue on direct appeal that the victim's statement at sentencing exceeded the scope permissible under NRS 176.015(3). Appellant failed to demonstrate deficiency or prejudice. Appellant did not identify any part of the victim's statement that should not have been admitted at sentencing. Thus, he failed to demonstrate that this issue would have had a reasonable probability of success on appeal. Accordingly, the district court did not err in denying this claim.

Second, appellant claimed that appellate counsel was ineffective for raising only two grounds on appeal, for filing a fast track statement that consisted of only three pages and four case citations, and for proffering no reply brief. Appellant failed to demonstrate deficiency or prejudice, as his claims are bare and naked. *See Hargrove*, 100 Nev. at 502-03, 686 P.2d at 225. Appellant did not identify any other arguments or law that counsel should have raised on appeal. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that his plea was invalid because he was not informed that probation and lifetime supervision were inapplicable to his offense. Appellant's assertions are belied by the record, as he was eligible for probation and his offense required the imposition of lifetime supervision. Therefore, he failed to demonstrate that his plea was not knowingly entered, and the district court did not err in denying this claim. *See Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986) (holding that a guilty plea is presumptively valid and a petitioner carries the burden of establishing that the plea was not entered knowingly and intelligently); *see also Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994).

Next, appellant claimed that the district court erred at sentencing by allowing the victim to testify without proper notice to the defense, by considering unproven bad acts, and by imposing a sentence that was disproportionate to the offense. These claims were already considered and rejected by this court on direct appeal, *Redman v. State*, Docket No. 60514 (Order of Affirmance, December 13, 2012), and thus are barred by the doctrine of the law of the case, *Hall v. State*, 91 Nev. 314,

316, 535 P.2d 797, 799 (1975). Therefore, the district court did not err in denying these claims.

Appellant also claimed that the State committed prosecutorial misconduct and withheld evidence, there was insufficient evidence to support his conviction, the district court was biased, the district court abused its discretion by relying on false information and allowing the victim to testify at sentencing, and the sentence and sentencing hearing violated his constitutional rights. These claims fall outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. *See* NRS 34.810(1)(a). Therefore, the district court did not err in denying these claims. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.        _____, J.
Douglas                              Cherry

_____

[2]In light of this disposition, we deny as moot appellant's motion for appointment of counsel. We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Douglas W. Herndon, District Judge
John Redman
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk