**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCUS DEWAYNE LARRY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65147

**FILED**

NOV 1 2 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Marcus Dewayne Larry's post-conviction motion to withdraw his guilty plea.[1]  Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant contends that the district court erred by denying his motion to withdraw his guilty plea because he was not correctly informed regarding the minimum term of incarceration for one of the counts to which he pleaded guilty.  The district court may allow a defendant to withdraw his plea after sentencing to correct a manifest injustice, NRS 176.165, which includes pleas that are not knowingly and

---

[1]In *Harris v. State*, this court clarified that a defendant who wishes to withdraw his plea after sentencing must file a post-conviction petition for a writ of habeas corpus.  130 Nev. ___, ___ 329 P.3d 619, 628 (2014).  Here, the district court resolved appellant's motion before *Harris* was announced and therefore did not consider the procedural requirements of NRS Chapter 34, as mandated by that opinion.  We note, however, that the motion would have been timely if construed as a petition for a writ of habeas corpus.  Therefore, in the interest of judicial economy, we decline to remand to the district court to consider the procedural requirements of NRS Chapter 34 and will reach the merits of appellant's claims on appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37283

voluntarily entered, *Rubio v. State*, 124 Nev. 1032, 1039, 194 P.3d 1224, 1228 (2008). "A guilty plea is knowing and voluntary if the defendant has a full understanding of both the nature of the charges and the direct consequences arising from a plea of guilty." *Rubio*, 124 Nev. at 1038, 194 P.3d at 1228 (internal quotation marks and emphasis omitted).

In this case, appellant pleaded guilty to conspiracy to commit murder and attempted murder. In the guilty plea agreement, the parties stipulated to a 4-10 year sentence for the attempt count but retained the right to argue on the conspiracy count. The agreement explained that the penalty range for conspiracy to commit murder was 1-10 years, and the district court confirmed that range during the plea canvass. Thus, appellant was informed that the minimum term of incarceration he might receive at sentencing was 4 years if the counts were run concurrently, or 5 years if the counts were run consecutively. Before sentencing, the parties learned that the actual penalty range for conspiracy to commit murder was 2-10 years. *See* NRS 199.480(1)(b). Although appellant acknowledged that he had been misinformed regarding the statutory minimum term on that count, he did not move to withdraw his plea. Instead, he argued that the district court should disregard the statute and sentence him to 1-3 years. The State pointed out that 1-3 years for conspiracy to commit murder was an illegal sentence, but to ensure that appellant would not be prejudiced, the State agreed to reduce its stipulation on the attempted murder count to 3-10 years if necessary to achieve the district court's sentencing goals. Thus, the minimum term of incarceration that appellant was exposed to at sentencing was 4 years if the counts were run concurrently, or 5 years if the counts were run consecutively.

The district court denied appellant's motion on the grounds that the incorrect information was of no consequence because it had sentenced appellant to the same 7-year term that his codefendant received. The district court correctly denied appellant's motion, albeit for the wrong reason. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970). Due to the State's concession, appellant faced the same minimum aggregate term of incarceration contemplated by the guilty plea agreement and was therefore correctly informed before he pleaded guilty. Appellant was also correctly informed regarding the maximum term, and he acknowledged that sentencing, including the imposition of consecutive sentences, was within the district court's discretion. We conclude that the district court did not abuse its discretion by declining appellant's request to withdraw his plea. *See Hubbard v. State*, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994) ("Absent an abuse of discretion, the district court's decision regarding the validity of a guilty plea will not be reversed on appeal."), and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. James M. Bixler, District Judge
Kirk T. Kennedy
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

