An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

TONY LEE SMITH A/K/A DARREL LEE SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64266

FILED

DEC 1 1 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE AND DISMISSING APPEAL IN PART

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus and a motion that "casino ticket device has no value."[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

In his petition filed on June 20, 2013, and supplemented on August 16, 2013, appellant claimed that his minimum term exceeded 40% of the maximum term in violation of NRS 193.130(1), that his sentence violated double jeopardy, that he was wrongfully arrested, that there was

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-40451

a malicious prosecution, and that his attorney told him to wait for his direct appeal to be resolved to file a post-conviction petition for a writ of habeas corpus. These claims were outside the scope of claims permissible in a post-conviction petition for a writ of habeas corpus challenging a judgment of conviction based upon a guilty plea. See NRS 34.810(1)(a).

Next, appellant claimed that he was denied the benefit of his plea agreement that his Nevada conviction run concurrently with his California conviction. The district court ordered the Nevada sentence to run concurrently with his California conviction. Thus, appellant failed to demonstrate that his plea was invalid in this regard. See State v. Freese, 116 Nev. 1097, 1105, 13 P.3d 442, 448 (2000); Bryant v. State, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986); see also Hubbard v. State, 110 Nev. 671, 675, 877 P.2d 519, 521 (1994).

Next, appellant claimed that he was being denied statutory good time and work credits and that the credits were not applied correctly. Such claims may not be raised in the same petition that challenged the validity of the judgment of conviction and sentence. See NRS 34.738(3). Thus, the district court did not err in denying this portion of the petition without prejudice to file a post-conviction petition for a writ of habeas corpus challenging the computation of time served.

Regarding his motion that "casino ticket device has no value," an order denying this motion is not an appealable decision, and thus, we

lack jurisdiction over this portion of the appeal. *See Castillo v. State*, 106 Nev. 349, 352, 792 P.2d 1133, 1135 (1990). Accordingly, we

ORDER the judgment of the district court AFFIRMED and the appeal DISMISSED in part.[2]

_____, C.J.
Gibbons

_____, J.      _____, J.
Pickering                                          Saitta

cc:     Hon. Elissa F. Cadish, District Judge
        Tony Lee Smith
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.