IN THE SUPREME COURT OF THE STATE OF NEVADA

LOUIS RANDOLPH, A/K/A CLYDE
LEWIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 84269

FILED

SEP 15 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a motion to correct an illegal sentence.[1] Eighth Judicial District Court, Clark County; Erika D. Ballou, Judge.

Appellant argues that his sentence for first-degree murder was illegal because the trial court released the jury following the guilty verdict and imposed the sentence itself when NRS 175.552 instead required that the trial court hold a separate penalty hearing before the trial jury when appellant did not stipulate in writing to waive the separate penalty hearing before the trial jury. He asserts that in these circumstances, the trial court lacked jurisdiction to impose the sentence for first-degree murder.

A motion to correct an illegal sentence may address "only the facial legality of a sentence." *Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). An illegal sentence is one where the sentencing court lacks jurisdiction or imposes a sentence that exceeds the maximum statutory term. *Id.* A motion to correct "cannot, however, be used as a vehicle for

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

22-28924

challenging the validity of a judgment of conviction or sentence based on alleged errors occurring at trial or sentencing." *Id.*

Here, appellant argues that the district court lacked jurisdiction because it violated NRS 175.552(1)(a). We disagree because the separate hearing provision in NRS 175.551(1)(a) is a procedural rule that is waivable and not jurisdictional. *See Hubbard v. State*, 110 Nev. 671, 677, 877 P.2d 519, 522 (1994) (distinguishing jurisdictional defenses from waivable ones); *State v. Williams*, 686 S.E.2d 493, 505 (N.C. 2009) (holding that statutory requirements that the same jury and judge would hear the trial and sentencing stages in a death penalty case were procedural and not jurisdictional); *Snyder v. Commonwealth*, 121 S.E.2d 452, 456 (Va. 1961) ("It is a well settled rule of criminal procedure that if an accused may waive a provision concerning the steps to be followed in a criminal prosecution, such provision is procedural, and not jurisdictional."); *see also Illinois v. Somerville*, 410 U.S. 458, 481-82 (1973) (Marshall, J., dissenting) (explaining that jurisdictional errors are not waivable because one institution may not invade the jurisdiction of another). Appellant has asserted a procedural error, not a jurisdictional one. That procedural error occurred at sentencing and therefore falls outside the limited scope of a motion to correct an illegal sentence. *See Edwards*, 112 Nev. at 708, 918 P.2d at 324. Appellant also has not shown that the sentence imposed for the first-degree murder conviction exceeded that permitted by statute. *See* NRS 200.030(4)(b) (1993). *Cf. State v. Second Judicial Dist. Court (Pullin)*, 124 Nev. 564, 567, 188 P.3d 1079, 1081 (2008) ("It is well established that under Nevada law, the proper penalty is the penalty in effect at the time of the commission of the offense and not the penalty in effect at the time of

sentencing."). Because appellant has not shown that his sentence is facially illegal, the district court properly denied his motion to correct.

Having considered appellant's contentions and concluded that relief is not warranted, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Parraguirre

_____, J.
Cadish

_____, Sr.J.
Gibbons

cc:    Hon. Erika D. Ballou, District Judge
       Louis Randolph
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.